COURT OF APPEALS

EIGHTH DISTRICT OF
TEXAS

EL PASO, TEXAS


 
 
  
  
  
  
  
 IN THE MATTER OF L.H.C., A JUVENILE.
  
 
 
  
   '
     
   '
     
   '
     
   '
     
   '
     
  '
 
  
 
 
  
  
                   No. 08-11-00320-CV
  
 Appeal from the
  
 65th
 Judicial District Court
  
 of El
 Paso County, Texas
  
 (TC# 09,01015)
  
 
 


MEMORANDUM OPINION








            On May 27, 2010, Appellant, a juvenile, was adjudicated
delinquent and placed on probation after stipulating to the offense of engaging
in graffiti on a school wall and causing a loss of less than $20,000.  Tex. Penal
Code Ann. § 28.08(a), (b)(3), (d)(1) (West 2011).  On October 6, 2011, after Appellant’s
probation was modified on multiple occasions and a second judgment of probation
was filed and entered against Appellant, a disposition hearing was conducted after
which the Juvenile Court Referee found that Appellant posed a risk to the
safety and protection of the community, that no appropriate community-based
intermediate sanction was available to address Appellant’s needs and the
community’s safety, and that the gravity of the offense and Appellant’s prior
juvenile record required Appellant’s confinement in a secure facility.  See Tex. Fam. Code Ann. § 54.04(f) (West
Supp. 2012).  The trial court then ordered
Appellant committed to the Texas Youth Commission.  Id.  Appellant appeals the trial court’s order committing
him to the custody of TYC.  We affirm.

Appellant’s court-appointed counsel has
filed a brief in which she has concluded that the appeal is wholly frivolous
and without merit.  The brief meets the
requirements of Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18
L.Ed.2d 493, reh. denied, 388 U.S. 924, 87 S.Ct. 2094, 18 L.Ed.2d 1377
(1967), by advancing a contention which counsel says may arguably support the
appeal.  See High v. State, 573
S.W.2d 807 (Tex. Crim. App. 1978); Currie v. State, 516 S.W.2d 684 (Tex.
Crim. App. 1974); Jackson v. State, 485 S.W.2d 553 (Tex.Crim.App. 1972);
Gainous v. State, 436 S.W.2d 137 (Tex. Crim. App. 1969); see also In re D.A.S., 973 S.W.2d 296, 298 (Tex. 1998) (Texas Supreme Court
held that the Anders procedure
applies to juvenile appeals and noted that, although juvenile-delinquency
proceedings are classified as civil, their nature is quasi-criminal).  A copy of counsel’s brief has been delivered
to Appellant, and Appellant has been advised of his right to examine the
appellate record and file a pro se
brief.  No pro se brief has been filed. 
The State has filed a brief. 
Having filed an Anders brief
with the Court and having notified Appellant of his right to pursue a pro se appeal, Appellant’s counsel has
filed a motion to withdraw as counsel.

We have carefully reviewed the record which consists
of detailed facts and evidence supporting the trial court’s decision.  We have also carefully reviewed counsel’s
brief and agree with Appellant’s counsel that the appeal is wholly frivolous
and without merit.  A discussion of the
contentions advanced in counsel’s brief would add nothing to the jurisprudence
of the state.  Further, we find nothing
in the record that might arguably support the appeal.

The trial court’s order is affirmed.

 

                                                                        GUADALUPE
RIVERA, Justice

November 7, 2012

 

Before McClure, C.J., Rivera, J., and Antcliff, J.